In the Matter of the Application of ANNE K. JAEGER, as Administratrix, etc., of THOMAS J. WAKELY, SR., to Discover Certain Property of Said Deceased Claimed to Be Withheld. BERNADETTE CECILIA WAKELY, as General Guardian of THOMAS WAKELY, 3D, and JEANETTE WAKELY, Infants, Appellant; ANNE K. JAEGER, as Administratrix, etc., of THOMAS J. WAKELY, SR., Deceased, DANIEL J. WAKELY and FELIX J. WAKELY, Respondents.— In a discovery proceeding in the Surrogate's Court, Rockland county, the decree holds that certain moneys withdrawn from the bank account of the decedent and deposited in an account of the decedent's son, some five days before death, are the property of the son by reason of a gift, and dismissed the administratrix's petition. The appeal is by the general guardian of the decedent's infant grandchildren. Decree affirmed, without costs. No opinion. Lazansky, P. J., Carswell, Adel and Taylor, JJ., concur; Johnston, J., dissents, with the following memorandum: I dissent and vote to reverse and direct respondent Daniel J. Wakely to account for the moneys drawn from the decedent's bank account. I do not believe a gift was established. If there were a gift it took place on January second. Whether the alleged gift was made at noon, as Jaeger testified, or at two-thirty P. M., as respondent's wife testified, is immaterial. The statement of Jaeger that respondent was to use the proceeds of the second draft to pay current expenses and that respondent promised to account for the proceeds is not contradicted by respondent's wife, who merely testified that the decedent told respondent to draw the balance of the money on deposit in his own name; nor does the testimony of respondent's wife concerning the conversation on January third tend to establish a gift on January second. In my opinion the testimony of Kelsey as to his conversation with decedent on January ninth, at which time the decedent said he had given his home and all his money in New York to respondent, does not establish a gift on January second. Nor does the testimony of Allen as to the conversation he had with decedent on January fifth establish a gift on January second.

In the Matter of the Judicial Settlement of the Third Intermediate Account of Proceedings of F. IRVING WALSH and GEORGE W. WALSH, as Testamentary Trustees under the Last Will and Testament of ELIZABETH VAN BUREN WHITE, Deceased. F. IRVING WALSH and GEORGE W. WALSH, as Trustees, etc., of ELIZABETH VAN BUREN WHITE, Deceased, Appellants; JULIUS WEISS, as Special Guardian for ZENOBIA HILL WHITE, an Incompetent Person, and for ELEANOR MORTON TRASK, WILLIAM P. BUCKNALL, ROBERT H. BUCKNALL, RICHARD VAN VORST BUCKNALL, JUDITH VAN BUREN and JEAN VAN BUREN HASTE, Infants, etc., Respondent.— Appeal from decree of the Surrogate's Court, Westchester county, settling the account of testamentary trustees. Decree unanimously affirmed, with costs to respondent, payable out of the estate. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.